XIAOWEI LI, Petitioner,

v.

Alberto R. GONZALES,[1] United States Attorney General, Respondent.

No. 03–41171–ag.

United States Court of Appeals, Second Circuit.

July 20, 2007.

Jim Li, New York, New York, for Petitioner.

Daniel G. Bogden, United States Attorney for the District of Nevada, Robert L.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Ellman, Appellate Chief, Brian J. Quarles, Assistant United States Attorney, Las Vegas, Nevada, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiaowei Li, a native and citizen of the People's Republic of China, seeks review of a November 26, 2003 order of the BIA affirming the August 1, 2002 decision of Immigration Judge ("IJ") Gabriel C. Videla denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiaowei Li*, No. A78 708 624 (B.I.A. Nov. 26, 2003), *aff'g* No. A78 708 624 (Immig. Ct. N.Y. City Aug. 1, 2002). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004) We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Substantial evidence supports the IJ's adverse credibility finding with respect to Li's reasons for leaving China and alleged political activities in the United States. Absent any compelling explanation from Li, the IJ reasonably found implausible that: (1) her superior, a Communist Party member, would allow her to take home a banned video CD to show to others, notwithstanding the obvious risk; and (2) Li

would be allowed to obtain a passport and visa, and ultimately, given express permission to leave the country, despite the authorities' perception that she was a dissident. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 145–46 (2d Cir.2006).

In addition, the IJ reasonably questioned the extent of Li's commitment to the Chinese Democratic Justice Party ("CDJP") and her subjective fear of returning to China on that basis when: (1) she testified, during her first hearing, that her only significant activity with the CDJP was publishing a single article, and at a subsequent hearing, she could not remember the date of publication; and (2) she admitted, "without hesitation," that she would return to China to visit her daughter if she were granted asylum. Although Li changed her testimony at a subsequent hearing, claiming that she would not feel safe returning because her sister-in-law, who was a CDJP member and an asylee, had been arrested during a recent visit to China, the IJ reasonably rejected this explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir.2005). These discrepancies, combined with the IJ's observations of Li's demeanor, provide adequate support for the adverse credibility finding. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006). Moreover, because Li did not allege any other factual basis for her asylum or withholding claims, the IJ's adverse credibility finding is dispositive of both claims. *Cf. Paul v. Gonzales*, 444 F.3d 148, 155–56 (2d Cir.2006).

Finally, because Li failed to exhaust her CAT claim before the BIA pursuant to 8 U.S.C. § 1252(d)(1), and again fails to challenge it here, we deem it abandoned and decline to address it. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having complet-

ed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.